STUYVESANT CREDIT UNION (a Banking Corporation), Plaintiff, *v.* MANUFACTURERS TRUST COMPANY, Defendant.

Supreme Court, New York County, October 10, 1930.

*Schneider & Groggins* [*Stanley S. Groggins* of counsel], for the plaintiff.

*William J. McArthur*, for the defendant.

HAMMER, J. Plaintiff, a credit union, has brought this action against the defendant bank for the recovery of funds claimed to have been paid on forged indorsements by defendant or its predecessor in interest. Plaintiff and defendant were organized under the Banking Laws of the State of New York. Each check was drawn by plaintiff's officers to the order of certain persons who appeared on the books of the plaintiff as shareholders. It is alleged in the complaint that the indorsement of the payee in each instance was forged and that the defendant paid such checks with the forged indorsements and charged same to and deducted the amount thereof from the account of the plaintiff.

This motion is to strike out the three defenses set up by defendant, the first two based upon negligence of the plaintiff, and the third upon the claim that the checks were drawn to the order of fictitious persons to the knowledge of plaintiff. Negligence of plaintiff may not be predicated on failure to discover the forged indorsements since there was no duty on plaintiff drawer of the checks to examine the indorsements after payment of such checks by the defendant bank or its predecessor. The alleged negligence must be pleaded as a counterclaim or offset and damage must be pleaded and shown to entitle defendant to the relief. In such counter action for negligence freedom from contributory negligence must be pleaded and proved. (*National Surety Company* v. *Manhattan Company*, 252 N. Y. 247.) To impute knowledge of plaintiff's officers in respect of fictitious payees upon the forged checks it must be alleged and shown that such knowledge was theirs while acting within the scope of their employment. My opinion is that the use of the words " who signed the said checks on behalf of the plaintiff " does not satisfy this requirement. (*Shipman* v. *Bank*, 126 N. Y.

318; *Welsh* v. *German American Bank,* 73 id. 424.) (See, also, *Seaboard National Bank* v. *Bank of America,* 193 N. Y. 26, distinguishing *Phillips* v. *M. N. Bank,* 140 id. 556, relied upon by the defendant.)

Motion granted, with ten dollars costs, and with leave to defendant to serve amended answer upon payment thereof within ten days after service of the order herein with notice of entry.